UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TERRA CARROLL,

    Plaintiff,

v.                                                     Case No. 3:19cv318-RV-CJK

STEPHEN ZIEMAN, et al.,

    Defendants.
_____/

ORDER and
REPORT AND RECOMMENDATION

This matter is before the court on plaintiff's complaint (doc. 1) and motion to proceed *in forma pauperis* (doc. 3). Good cause having been shown, the motion to proceed *in forma pauperis* will be granted. A review of the complaint, however, reveals it fails to state a viable federal cause of action. Thus, plaintiff's federal claim should be dismissed with prejudice, and the state-law claims should be dismissed without prejudice.

BACKGROUND

The complaint names Dr. Stephen Zieman and Dr. Robert Benson as defendants. It sets forth the factual allegations which follow, the truth of which is accepted for purposes of this Report and Recommendation.

Plaintiff was arrested on September 10, 2016, in Santa Rosa County, Florida. During the arrest, police officers pulled plaintiff from her vehicle, which resulted in her being struck by the vehicle's door and her head hitting the ground. Plaintiff "began chanting uncontrollably . . . for days" but she did not receive medical treatment from a hospital or doctor following the arrest.

After plaintiff "advised that she wanted to represent herself," the state court appointed counsel and ordered that her competency to stand trial be evaluated. She complains that Drs. Zieman and Benson "relied on impermissible information and discussions in recommending that Plaintiff was incompetent to proceed to trial and needed to be treated at Florida State Hospital." Plaintiff says she "was not incompetent to proceed and should have never been sent to Florida State Hospital for purposes of treatment." Before the evaluations, she had never been diagnosed or treated for mental illness or psychiatric issues.

Plaintiff "was released from Florida State Hospital without recommendation of medications or treatment for mental illness or a delusional disorder or any other psychiatric disorder in February 2017." Plaintiff attended court-ordered mental health evaluations in January and September of 2018 "and was determined not to need any mental health treatment, counseling, or medications."

Based on the foregoing, plaintiff alleges defendants' competency evaluations and recommendation that she be placed in Florida State Hospital make them liable

for medical malpractice, "professional malpractice," negligence, false imprisonment, battery, assault, negligent infliction of emotional distress, and intentional infliction of emotional distress.* As relief, plaintiff seeks compensatory and punitive damages.

## DISCUSSION

Plaintiff has alleged only one potential federal cause of action—false imprisonment. *See Ortega v. Christian*, 85 F.3d 1521, 1526 (11th Cir. 1996) ("A false imprisonment claim under section 1983 is based on the protection of the Fourteenth Amendment against deprivations of liberty without due process of law."). Drs. Zieman and Benson, however, are immune from suit under § 1983 because their alleged actions were taken pursuant to their roles as court-appointed psychologists. *See Dolin ex rel. N.D. v. West*, 22 F. Supp. 2d 1343, 1349 (M.D. Fla. 1998) ("Absolute immunity protects witnesses, court appointed psychologists, and guardians ad litem who are sued in their individual capacities under § 1983.") (citations omitted); *see also Barksdale v. Joyce*, 696 F. App'x 746, 747 (7th Cir. 2017) (concluding immunity shielded the psychologists who testified in support of Barksdale's commitment as a sexually-violent person); *Kurzawa v. Mueller*, 732 F.2d 1456, 1458 (6th Cir. 1984) ("[W]itnesses and other persons who are integral

---

* The complaint alleges defendants Zieman and Benson are responsible for the patients at Florida State Hospital battering and assaulting plaintiff.

Case No. 3:19cv318-RV-CJK

parts of the judicial process are entitled to absolute immunity."). Because plaintiff could not amend the complaint to state a viable federal claim against defendants Zieman and Benson, the federal claim should be dismissed with prejudice without providing plaintiff with an opportunity to amend the complaint. *See Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1248 (11th Cir. 2015) (holding before "dismissing an action on its own motion, a court must provide the plaintiff with notice of its intent to dismiss and an opportunity to respond" except "when amending the complaint would be futile, or when the complaint is patently frivolous") (citation omitted).

The remaining state-law claims, however, should be dismissed without prejudice. Title 28 U.S.C. § 1367(c)(3) provides that the district court may decline to exercise supplemental jurisdiction over claims after it has dismissed all claims over which it has original jurisdiction. "Where § 1367(c) applies, considerations of judicial economy, convenience, fairness, and comity may influence the court's discretion to exercise supplemental jurisdiction." *Baggett v. First Nat'l Bank of Gainesville*, 117 F.3d 1342, 1353 (11th Cir. 1997) (citations omitted). The Eleventh Circuit has "encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial." *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004) (*citing L.A. Draper & Son v. Wheelabrator-Frye, Inc.*, 735 F.2d 414, 428 (11th Cir. 1984)).

Case No. 3:19cv318-RV-CJK

Accordingly, it is ORDERED:

1.  Plaintiff's motion to proceed *in forma pauperis* (doc. 3) is GRANTED.

And it is respectfully RECOMMENDED:

1.  That plaintiff's federal claim be DISMISSED WITH PREJUDICE and plaintiff's state-law claims be DISMISSED WITHOUT PREJUDICE.

2.  That the clerk be directed to close the file.

At Pensacola, Florida, this 12th day of February, 2019.

*/s/* *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> A copy of objections shall be served on the Magistrate Judge and all other parties. A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.

Case No. 3:19cv318-RV-CJK